**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL ) | |
| UNION NATIONAL INDUSTRY ) | |
| PENSION FUND, ) | |
| 11 Dupont Circle, N.W., 9th Floor ) | |
| Washington, DC 20036-1202, ) | |
| ) | |
| and ) | |
| ) | |
| WILLIAM DEMPSEY, RODERICK S. BASHIR, ) | |
| KEVIN J. DOYLE, CHRISTOPHER BOUVIER, ) | |
| DAVID A. STILWELL, THOMAS LAMARTINA, ) | |
| EDWARD J. MANKO, JOHN J. SHERIDAN, ) | Case No: 17-cv-105 |
| FRANK A. MAXSON, ) | |
| TRUSTEES OF THE SERVICE EMPLOYEES ) | |
| INTERNATIONAL UNION NATIONAL ) | |
| INDUSTRY PENSION FUND, ) | |
| 1800 Massachusetts Ave, NW ) | |
| Washington, D.C. 20036, ) | |

**Additional Required Service under
29 U.S.C. § 1132(h) to:**

**U.S. Department of Labor
Attn: Assistant Solicitor
   for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20210**

**U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220**

Plaintiffs, )

v. )

ST. MORITZ BUILDING SERVICES, INC. )
4616 Clairton Blvd. )
Pittsburgh, PA 15236 )

Defendant. )
_____)

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST,
LIQUIDATED DAMAGES, SURCHARGES,  ATTORNEY'S FEES, AND COSTS**

**Introduction, Jurisdiction and Venue**

1.      This is a civil action brought by an employee benefit plan, and by the Trustees of

an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, and Pension Protection Act surcharges owed by the Defendant.

2.      Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.      Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4.      Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## Parties

4.      Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered

at 11 Dupont Circle, N.W., 9th Floor, Washington, D.C. 20036.

5.      Plaintiff Trustees of the SEIU Pension Fund, William Dempsey, Roderick S. Bashir, Kevin J. Doyle, Christopher Bouvier, David A. Stilwell, Thomas LaMartina, Edward J. Manko, John J. Sheridan, and Frank A. Maxson are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

6.      Defendant St. Moritz Building Services, Inc. ("St. Moritz") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

7.      Upon information and belief, Defendant St. Moritz is a corporation incorporated in the state of Pennsylvania, with a mailing address of 4616 Clairton Blvd., Pittsburgh, PA 15236.

## Factual Background

8.      At all relevant times, Service Employees International Union Local 32BJ ("the Union") has been the exclusive bargaining representative for all light cleaners, heavy cleaners, lead cleaners, freight operators, laborers, and elevator operators employed by Defendant.

9.      S. Moritz and the Union were party to a collective bargaining agreement ("Collective Bargaining Agreement" or "CBA") for the period of November 1, 2011, through October 31, 2015. A true, correct and complete copy of the Collective Bargaining Agreement is

attached as Plaintiffs' Exhibit 1.

10.     Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement. Here, the Collective Bargaining Agreement states that the Defendant is obligated to remit contributions to the SEIU Pension Fund for its covered employees at rates described therein. Ex. 1.

11.     In accordance with Article 18 of the CBA, St. Moritz was required to submit pension contributions on behalf of its covered employees. Specifically, St. Moritz was required to remit $0.84 for each straight-time hour actually worked by its covered employees. Ex. 1, Article 18.

12.     Pursuant to the Article 18.1 of the CBA and by submitting reports and contributions, Defendant agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"). A true and correct copy of the Trust Agreement is attached as Plaintiffs' Exhibit 2. Pursuant to Section 3.1 of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Exhibit 2 at Section 3.1. Accordingly, Defendant is obligated to remit contributions to the SEIU Pension Fund in accordance with the collection policies adopted by the Trustees. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiffs' Exhibit 3.

13.     At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered

employee and the number of compensable hours for each employee during the reporting month. Ex. 2, Sec. 3.1.

14.     Section 4 of SEIU Pension Fund's Trust Agreement and Section 5 of the Collections Policy both provide that the SEIU Pension Fund may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the Pension Fund. Ex. 2, Sec. 4; Ex. 3, Sec. 5.

15.     Section 3.2 of the Trust Agreement and Section 5 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 2, Sec. 3.2; Ex. 3, Sec. 5.

16.     Pursuant to the Pension Protection Act of 2006, Pub. L. 109-280 (2006) ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, and January 1, 2015. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, and April 28, 2016. Copies of these letters are attached as Plaintiffs' Exhibit 4.

17.     For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the

SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a collective bargaining agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 5.

18.     Pursuant to Article 18 of the CBA, Defendant agreed to pay supplemental contributions in accordance with the Preferred Schedule. Ex. 1, Article 18. Effective November 1, 2011, St. Moritz was required to submit supplemental contributions at the rate of 18.5 percent. Effective November 1, 2012, this rate increased to 27.7 percent. Effective November 1, 2013, the supplemental contribution rate was 37.6 percent. Effective November 1, 2014 this rate increased to 48.3 percent. Ex. 1, Article 18.

19.     In 2016, the SEIU Pension Fund conducted an audit of St. Moritz for the calendar years 2011 through 2013. The audit revealed that failed to remit certain contractually required contributions and has failed to pay certain interest charges, liquidated damages, and surcharges and supplemental contributions due under the PPA to the SEIU Pension Fund. A true and correct copy of the 2016 audit is attached as Ex. 6. Additionally, the Fund's records reflect that St. Moritz owes contributions and liquidated damages from 2013.

## COUNT I

20.     Plaintiffs reallege and incorporate Paragraphs 1 through 19.

21.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

22.     Defendant is obligated, pursuant to the CBA, to provide contributions to the SEIU Pension Fund on behalf of its covered employees.  Defendant has failed and refused to fulfill its contractual obligations for owed contributions, resulting interest and liquidated damages, and PPA surcharges and supplemental contributions, as demonstrated by an a payroll audit conducted on Defendant by the SEIU Pension Fund for the period of calendar years 2011 through 2013.

23.     The audit revealed that Defendant owes contributions, interest, and liquidated damages to the SEIU Pension Fund. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Fund's governing documents. A true, correct, and complete copy of the audit is attached as Plaintiffs' Exhibit 6.

24.     The audit revealed that St. Moritz owes a total of $3,738.42 to the SEIU Pension Fund for unpaid contributions, $1808.83 in interest (through June 19, 2016), $206.49 in liquidated damages, $196.39 in Pension Protection Act ("PPA") surcharges, $231.03 in PPA surcharges, and had an over payment of $598.29. In total, St. Moritz owes $5,582.87 pursuant to the audit for the period of 2011–2013. Ex. 6.

25.     Additionally, the Fund's records reflect that St. Moritz owes $270.10 in contributions and $50.00 in liquidated damages for July 2013.

26.     Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the outstanding amounts due from the Defendant. Defendant continues to refuse to make payment on the amounts due. There is little

prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due to the SEIU Pension Fund.

27.     Under Section 502(g) of ERISA, Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1.     Declare that Defendant is delinquent in remitting owed contributions, interest, liquidated damages, and PPA surcharges to the SEIU Pension Fund pursuant to the Collective Bargaining Agreement;

2.     Enter judgment in the amount of $5,582.87 pursuant to the audit conducted for the period of 2011–2013;

3.     Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement and Section 502(g) of ERISA;

4.     Enter judgment for all amounts that become due and owing during the pendency of this law suit including interest that continues to accrue.

5.     Retain jurisdiction of this case pending compliance with its Orders; and,

6.     Grant such relief as the Court may deem appropriate.


                              Respectfully submitted,


                              _____
                              Lauren P. McDermott
                              Mooney, Green, Saindon, Murphy & Welch, P.C.
                              1920 L Street, NW, Suite 400

Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 Facsimile
lmcdermott@mooneygreen.com
Counsel for the Plaintiffs

Dated: January 17, 2017

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this ___st day of _____, 2017, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR INJUNCTIVE RELIEF, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220


_____
Lauren P. McDermott